# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

In Re: )
                                        ) **JUDGE RICHARD L. SPEER**

Jeffrey Gurzynski )
                                        ) Case No. 10-3060

Debtor(s) )
                                        ) (Related Case: 09-37826)

Helen Parcels )

Plaintiff(s) )

v. )

Jeffrey Gurzynski )

Defendant(s) )

## DECISION AND ORDER

This cause comes before the Court on the Motion for Summary Judgment filed by the Plaintiff, Helen Parcels. (Doc. No. 14). The Plaintiff's Motion is brought in support of her Complaint to Determine the Dischargeability of a particular debt owed to her by the Defendant/Debtor, Jeffrey David Gurzynski. (Doc. No. 1). The Defendant/Debtor filed a response to the Plaintiff's Motion for Summary Judgment, objecting to the relief sought by the Plaintiff. (Doc. No. 15). Regarding their respective positions on the matter, both of the Parties filed supporting written arguments and documentation. The Court has now had the opportunity to review the evidence and arguments submitted by the Parties, as well as the entire record in this case. Based upon this review, the Court finds, for the reasons set forth in this Decision, that the Plaintiff's Motion for Summary Judgment should be Denied.

Helen Parcels v. Jeffrey Gurzynski
Case No. 10-3060

## BACKGROUND

On November 10, 2009, the Defendant/Debtor, Jeffrey Gurzynski (hereinafter the "Defendant"), filed a petition in this Court for relief under Chapter 7 of the United States Bankruptcy Code. At the time the Defendant sought bankruptcy relief, the Plaintiff, Helen Parcels (hereinafter the "Plaintiff"), held a claim against the Defendant/Debtor. The Plaintiff's claim is noncontingent, liquidated, and undisputed, having arisen from a judgment entered by the Common Pleas Court of Wood County, Ohio. (Doc. No. 14, Ex. A).

The judgment, entered on April 26, 2006, is in the amount of "$9,291.85 plus interest of 5% per annum from December 1, 2002." *Id*. As the basis for the award of damages, the state court found, after a non-jury trial, that "the Plaintiff has established by the greater weight of the evidence that Defendant Jeffery [sic] Gurzynski is liable to the Plaintiff for the conversion of her personal property." *Id*. The court further found "that neither punitive damages, nor attorney fees are warranted." *Id*.

On March 5, 2010, the Plaintiff filed a complaint in this Court against the Defendant, seeking a determination that her claim against the Defendant is a nondischargeable debt pursuant to two statutory provisions: § 523(a)(2)(A), as a debt arising from fraud; and § 523(a)(6), as a debt arising as the result of a "willful and malicious injury." (Doc. No. 1). On her complaint, the Plaintiff then filed her Motion for Summary Judgment, seeking judgment based solely on her cause of action under § 523(a)(6). (Doc. No. 14, Ex. E).

## DISCUSSION

Before this Court is the Plaintiff's Motion for Summary Judgment. In her Motion, the Plaintiff seeks a determination that, as set forth in her complaint to determine dischargeability, the

Page 2

Helen Parcels v. Jeffrey Gurzynski
Case No. 10-3060

state-court judgment she holds against the Defendant is a nondischargeable debt pursuant to § 532(a)(6) of the Bankruptcy Code. Under 28 U.S.C. § 157(b)(2)(I), a determination as to the dischargeability of a particular debt is deemed to be a core proceeding, thereby conferring on this Court jurisdiction to enter final orders and judgments. 28 U.S.C. § 157(b)(1).

In a case such as this brought under Chapter 7 of the Bankruptcy Code, the aim of the debtor is to obtain an immediate discharge. *See, e.g.*, *In re Barcelo*, 313 B.R. 135, 149 (Bankr. E.D.N.Y.2004). Generally, a discharge entered by the court operates to permanently enjoin creditors from any act to collect on a prepetition obligation. 11 U.S.C. § 524; *Bessette v. Avco Financial Services, Inc.*, 230 F.3d 439, 444 (1st Cir. 2000). But, for reasons of public policy, Congress placed certain categories of debts beyond the scope of the bankruptcy discharge.

One of the categories of nondischargeable debts are those which arise as the result of a debtor's morally reprehensible conduct, thereby implementing a primary policy goal of the Bankruptcy Code – that of limiting its benefits to only the honest, but unfortunate debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991); *O'Brien v. Sintobin (In re Sintobin)*, 253 B.R. 826, 831 (Bankr.N.D.Ohio 2000). Section 523(a)(6), as cited by the Plaintiff, serves as a cornerstone of this policy by excepting from discharge any debt which is shown to have arisen as the result of a debtor's "willful and malicious" conduct. In full, this provision provides:

> (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> > (6) for willful and malicious injury by the debtor to another entity or to the property of another entity[.]

Page 3

Helen Parcels v. Jeffrey Gurzynski
Case No. 10-3060

As with other exceptions to dischargeability, it is the plaintiff's burden to establish, by at least a preponderance of the evidence, the applicability of § 523(a)(6). *Grange Mut. Cas. Co. v. Chapman (In re Chapman)*, 228 B.R. 899, 906 (Bankr.N.D.Ohio 1998). For her burden, the Plaintiff contends that her sworn trial testimony in state court "clearly indicates a deliberate or intentional act on the part of Defendant to convert her personal property." (Doc. No. 14, at pg. 3). As support for this statement, the Plaintiff points to the decision of the state court which "found Defendant liable for the loss of [her] property in the amount of $9,291.85 based on Plaintiff's testimony and attached exhibits." *Id.* at pg. 4.

Insofar as it concerns her Motion for Summary Judgment, however, the Plaintiff's position does not stand up to scrutiny. In an action brought under § 523(a)(6), the terms willful and malicious, while overlapping in many respects, are distinct concepts, with a plaintiff needing to establish the existence of each to prevail on a claim of nondischargeability. *Knowles v. McGuckin (In re McGuckin)*, 418 B.R. 251, 254 (Bankr. N.D.Ohio 2009), The latter term, malicious, as used in § 523(a)(6) has been defined by the Sixth Circuit Court of Appeals as acts done in conscious disregard of one's duties or without just cause or excuse. *Vulcan Coals, Inc. v. Howard*, 946 F.2d 1226, 1229 (6th Cir.1991). This definition makes the mental state of the Defendant a key component of the Plaintiff's case under § 523(a)(6). However, adjudicating a debtor's mental state on a motion for summary judgment is not normally appropriate. *Heheman v. E.W. Scripps Co.*, 661 F.2d 1115, 1127 (6th Cir. 1981).

The purpose of a summary judgment motion is to avoid the need for a trial, and its attendant costs, where there exists no genuine issues of material fact in dispute. *Smith Wholesale Co., Inc., et al. v. R.J. Reynolds Tobacco Co.*, 477 F.3d 854 (6th Cir. 2007). Summary judgment is, therefore, never to be used merely to cut short a trial where factual issues should be explored. *Drexel Heritage Furnishings, Inc. v. U.S.*, 4 Cl.Ct. 162, 168 (Cl.Ct.1983). A trial, however, is usually necessary to adjudicate issues involving an individual's state of mind. The reason: Determinations concerning

Page 4

an individual's state of mind require a subjective assessment of the person's intent which often can only be made by the trier-of-fact after it has had the opportunity to assess the credibility and the demeanor of witnesses who testify at trial during both direct and cross examination.

While a party defending against a motion for summary judgment may not rest upon mere allegations or denials,[1] the Defendant in this matter has pointed the Court to possible mitigating factors regarding the state court's finding that he converted the Plaintiff's property. In this regard, the Defendant asserts that, in the state court trial, he gave testimony regarding his lack of malicious intent in converting the Plaintiff's property. This testimony involved the Defendant putting forth that he was under the belief that the property he converted was either his and/or was gifted to him by the Plaintiff.

If the Plaintiff were in this forum able to offer adequate proof of his assertions, a possible justification could exist for the Defendant's action, thereby blunting the existence of malice as it applies to § 523(a)(6). (Doc. No. 15, at pg. 3). As such, the Plaintiff's assertion in her trial testimony of willful and malicious actions on the part of the Defendant cannot be considered in isolation, but must be viewed with reference to the Defendant's account of events. Because this will require the Court to make an assessment as to the Defendant's credibility, a ruling on the Defendant's mental state cannot be made on the Plaintiff's Motion for Summary Judgment. A couple of related points underpin this conclusion.

First, under Ohio law, when a plaintiff brings a claim for conversion, an award of punitive damages and attorneys' fees is generally only appropriate if there is also a showing of actual malice

---

[1] *See, e.g., Moldowan v. City of Warren*, 578 F.3d 351, 374 (6th Cir.2009) ("The non-moving party also may not rest upon its mere allegations or denials of the adverse party's pleadings, but rather must set forth specific facts showing that there is a genuine issue for trial.")

Helen Parcels v. Jeffrey Gurzynski
Case No. 10-3060

or fraud. *Parrish v. Machlan*, 131 Ohio App.3d 291, 296-297, 722 N.E.2d 529, 533 (1997). No such award was made in this case, however, by the state court. As a result, the state court may very well have found the Defendant's testimony, regarding his lack of malice, to have credibility.

Second, a finding of conversion made under state law does not, standing alone, preclude a party from litigating in a bankruptcy court the issue of malicious intent for purposes of § 523(a)(6). That is, the mere act of conversion does not create a nondischargeable debt per se, with the United States Supreme Court specifically setting forth that, for purposes of § 523(a)(6), "not every tort judgment for conversion is exempt from discharge. Negligent or reckless acts . . . do not suffice to establish that a resulting injury is "wilful and malicious." *Kawaauhau v. Geiger*, 523 U.S. 57, 63-64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998), *citing Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934).

Accordingly, for these reasons, the Court cannot grant the Plaintiff's Motion for Summary Judgment. Before concluding, however, one final note. In her arguments to the Court, the Plaintiff stated that if "the Court now were to rule that Defendant could discharge the debt owed to Plaintiff, Plaintiff would once again be removed from what little justice she sought in the Wood County Court of Common Pleas." (Doc. No. 14, at pg. 5).

Contrary to what this statement seems to imply, however, the Court is not ruling on the actual merits of the Plaintiff's cause of action under § 523(a)(6). Rather, the Court is simply holding that summary judgment is not the proper procedural method to resolve the controversy between the Parties, thus complying with the general presumption that a case should proceed to trial.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Page 6

Helen Parcels v. Jeffrey Gurzynski
Case No. 10-3060

Accordingly, it is

**ORDERED** that the Plaintiff's Motion for Summary Judgment, be, and is hereby, DENIED.

***IT IS FURTHER ORDERED*** that a Continued PreTrial is hereby set for Thursday, January 13, at 1:00 P.M., in Courtroom No. 1, Room 119, United States Courthouse, 1716 Spielbusch Avenue, Toledo, Ohio.

Dated: DEC 10 2010

/S/ RICHARD L. SPEER
---
Richard L. Speer
United States
Bankruptcy Judge

# CERTIFICATE OF SERVICE

Copies were mailed this 10th day of December, 2010 to:

Jeffrey David Gurzynski
2697 County Road 1
Swanton, OH 43558


Mark L Powers
PO Box 393
142 N Fulton St
Wauseon, OH 43567


Helen J. Parcels
PO Box 1323
Sandusky, OH 44870


Amy E Stoner
520 Madison Ave
#545
Toledo, OH 43604


    /s/Dawn Serna-Gensch
Deputy Clerk, U.S. Bankruptcy Court